IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 30 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEXTER L. SHARPER | Criminal Information<br><br>No. 1:26-CR-38 |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Count One**
(18 U.S.C. § 1001 – False Statements)

At all times relevant to this Information:

1. The defendant, DEXTER L. SHARPER, served as the elected Georgia State House Representative for District 177, which includes portions of Lowndes County.

2. Unemployment Insurance (UI) was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, and in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased benefits; these included the Pandemic Emergency Unemployment Compensation (PEUC) and Federal Pandemic Unemployment Compensation (FPUC) programs (collectively, UI benefits).

3. In the State of Georgia, the Georgia Department of Labor (GA-DOL) administered the UI program and the United States Department of Labor (US-

DOL) provided oversight and federal-level administration. The GA-DOL is headquartered in the Northern District of Georgia, and servers that it used to administer the UI programs were located in the Northern District of Georgia.

4. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, work and earning history, and mailing address, among other things. Benefits were awarded on a weekly basis, and applicants were required to provide certifications for every week for which they wished to collect benefits.

5. The GA-DOL relied on the information in the applications to determine eligibility for UI benefits. Once an application was approved, UI benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

6. On or about April 16, 2020, SHARPER submitted an Internet application for UI benefits. In that application, he declared that he had only one employer: Dexter Sharper Party Rental. He also stated that he had worked for that business for 90 months, working 40 hours per week and earning $600 per week, but that his last date of work for the business was March 13, 2020. The application included instructions stating that claimants must report all earnings, "**regardless of the source of income**" and that "**failure to report your total earnings is considered fraud.**" (emphasis in original).

7. SHARPER periodically submitted certifications via the Internet for each week for which he requested benefits. In all, SHARPER submitted UI claims for

2

38 weeks in April 2020 through May 2021. In each of those certifications, SHARPER stated about each of those individual weeks:

- He had earned $0.
- He had not worked or earned any wages.
- He was able, available, and actively seeking work.
- He had not refused any work.

SHARPER also confirmed, for each weekly certification, "By use of this transaction, I certify that all information entered is true to the best of my knowledge and belief. I understand the law provides penalties for making false statements to claim unemployment benefits."

8. In reality, SHARPER was working and earning money from at least two — and sometimes three — jobs each week for which he submitted a UI benefits certification stating that he had not worked or earned any wages. Specifically, SHARPER was collecting approximately $361 or $325 every week from the Georgia General Assembly for his position as Georgia State House Representative. SHARPER's business, Dexter Sharper Party Rental, was also operating and generating income every week he filed a claim, with SHARPER collecting up to $2,231 per week. Further, during some weeks SHARPER was collecting an additional $275 from work as a musician.

9. As a result of the false application and certifications, SHARPER collected a total of $13,825 of UI benefits to which he was not entitled.

10. On or about April 11, 2021, in the Northern District of Georgia and elsewhere, the defendant, DEXTER L. SHARPER, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States on an Internet certification to obtain funds administered by the U.S. Department of Labor in the form of unemployment benefits for the week ending April 10, 2021; that is, SHARPER stated that he had not worked or earned any wages that week. The statements and representations were false because, as defendant SHARPER then and there knew, he had earned approximately $2,556 that week from his work for the Georgia General Assembly and Dexter Sharper Party Rental.

All in violation of Title 18, United States Code, Section 1001.

THEODORE S. HERTZBERG
*United States Attorney*

*[signature]*

GARRETT L. BRADFORD
*Assistant United States Attorney*
Georgia Bar No. 074374

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181